UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DOUGLAS EDWARD WESTMORELAND,
  *Defendant-Appellant.*

No. 02-4636

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-441)

Argued: June 4, 2003

Decided: August 6, 2003

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Urs Roland Gsteiger, HORTON & GSTEIGER, P.L.L.C., Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Douglas Westmoreland, formerly a lieutenant in the Sheriff's Department for Davidson County, North Carolina, pleaded guilty to extortion, in violation of 18 U.S.C. § 1951, and to conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. The district court sentenced Westmoreland to two terms of 135 months' imprisonment, to run concurrently. Challenging his sentences on appeal, Westmoreland contends (1) that the district court erred in enhancing his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and (2) that the district court erred in sentencing him for extortion under U.S.S.G. § 2B3.2 rather than the less severe U.S.S.G. § 2B3.3. For the reasons that follow, we affirm the district court's enhancement for obstruction of justice and reverse the sentence based on application of U.S.S.G. § 2B3.2, remanding for resentencing under U.S.S.G. § 2C1.1 instead.

Westmoreland was involved in a ring of law enforcement officers in Davidson County, North Carolina, who distributed steroids, marijuana, and cocaine. In October 2001, when Westmoreland and other officers executed a valid search warrant at the home of Michael Wayne Martin, Westmoreland seized $2,500 from pants found in Martin's bedroom but did not record this money on the inventory sheet from the search. Approximately one month after the search, Westmoreland and another officer met with Martin and told him that if Martin did not complain about the money that Westmoreland took, they would not file charges against him. Martin honored the deal and no charges were ever filed.

As a result of a joint investigation conducted by the Federal Bureau of Investigation and the North Carolina State Bureau of Investigation, Westmoreland and others were identified as drug distributors in Davidson County, and Westmoreland was charged, along with others,

in three counts of a seven-count indictment — for conspiracy to distribute illegal drugs, for a civil rights violation, and for extortion.

Five days after the warrant was issued, Westmoreland was arrested. But on December 11, 2001, the day before his arrest, Westmoreland gave a friend a box of money containing $22,500 for safe-keeping. The friend turned this box over to police upon learning of Westmoreland's arrest. Westmoreland did not, however, disclose the $22,500 when filling out a financial affidavit to obtain court-appointed counsel. He also did not disclose this money when he appeared before a magistrate judge and sought court-appointed counsel on the basis of his inaccurate affidavit.

In March 2002, Westmoreland pleaded guilty, under a plea agreement with the government, to two counts, one for extortion and the other for conspiracy to distribute cocaine and marijuana. The factual basis for the extortion count was Westmoreland's "deal" with Martin not to file charges in return for Martin's remaining quiet about the $2,500 Westmoreland took from him during the search of Martin's residence.

Westmoreland's presentence report applied an adjustment for obstruction of justice based on Westmoreland's failure to disclose on his affidavit and before the magistrate the $22,500 he transferred to his friend prior to his arrest. It also applied U.S.S.G. § 2B3.2(a) in recommending the sentence on the extortion count. Westmoreland objected to both of these recommendations. Overruling Westmoreland's objections, the district court adopted the presentence report and sentenced Westmoreland to two terms of 135 months' imprisonment each, to run concurrently. This appeal followed.

On the obstruction of justice issue, Westmoreland contends that the district court clearly erred in finding that his failure to disclose $22,500 of his net worth was material. We reject his argument. The obstruction of justice enhancement was applied pursuant to U.S.S.G. § 3C1.1 (2001). Application Note 4 to that guideline provides "a non-exhaustive list of examples of the types of conduct to which this adjustment applies," including "providing materially false information to a judge or magistrate." *Id.* § 3C1.1 cmt. n.4(f). For purposes of this obstruction enhancement, "material" information is "information that,

if believed, would tend to influence or affect the issue under determination." *Id.* § 3C1.1 cmt. n.6. The issue under determination here was whether Westmoreland had enough money to retain an attorney. We conclude that the district court did not err in finding that Westmoreland's failure to list $22,500 in cash "would tend to influence or affect" whether Westmoreland was entitled to court-appointed counsel, particularly when this amount of money is viewed in relationship to $46,200, which Westmoreland listed as his estimated net worth.

On the second issue, Westmoreland contends that the district court erred in sentencing him for extortion under U.S.S.G. § 2B3.2, entitled "Extortion by Force or Threat of Injury or Serious Damage." He argues that the court should have applied § 2B3.3, entitled "Blackmail and Similar Forms of Extortion," which would have resulted in a lesser base offense level for the extortion charge. We agree with Westmoreland that he should not have been sentenced under § 2B3.2, but we conclude that § 2C1.1, rather than § 2B3.3, is the more applicable guideline.

Appendix A to the Sentencing Guidelines, which provides a cross-reference correlating statutory provisions with sentencing guidelines, lists four potentially applicable guidelines for a violation of 18 U.S.C. § 1951: §§ 2B3.1, 2B3.2, 2B3.3, and 2C1.1. The Sentencing Guidelines apply these different sections depending on the nature of the extortion. Section 2B3.2, which the district court applied, applies to extortion which involves force or threats of injury or serious damage. *See* U.S.S.G. §§ 2B3.2 cmt. n.2; 2B3.3(c)(2); 2C1.1(c)(3). Although the threat to press criminal charges is neither a threat of injury or serious damage, the government relies on application note 2 for § 2B3.2, which provides that "[e]ven if the threat does not in itself imply violence, the possibility of violence or serious adverse consequences may be inferred from the circumstances of the threat or the reputation of the person making it." The wording of this application note is broader than the guideline itself, which has the potential to create some ambiguity in determining whether the threat was of a nature that would make this guideline applicable. However, any ambiguity regarding the applicability of this guideline is resolved in the circumstances of this case by the cross-references in §§ 2B3.3(c)(2) and 2C1.1(c)(3), which state that § 2B3.2 is to be applied instead of either one of those other two guidelines when the offense involves "extor-

tion by force or threat of injury or serious damage," U.S.S.G. § 2B3.3(c)(2), or "a threat of physical injury or property destruction," *id.* § 2C1.1(c)(3).

In this case, Westmoreland's threat to press criminal charges against Martin did not involve force and was neither a threat of physical injury nor a threat of any destruction of property. Accordingly, § 2B3.2 was not the most appropriate guideline to apply.

Westmoreland contends that the most appropriate guideline is U.S.S.G. § 2B3.3, Blackmail and Similar Forms of Extortion. But his conduct was not blackmail. As used in U.S.S.G. § 2B3.3, "blackmail" is "a threat to disclose a violation of United States law unless some money or some other item of value is given." U.S.S.G. § 2B3.3 cmt. n.1. Westmoreland was not demanding money. Rather, he had seized it in the course of an otherwise valid search, and sought to retain the money as a "bribe" for not prosecuting a crime that may have been committed.

We believe that the most appropriate guideline for the circumstances of this case is § 2C1.1, entitled "Offering, Giving, Soliciting, or Receiving a Bribe; Extortion Under Color of Official Right." The defining feature of Westmoreland's extortionate conduct was his abuse of his position as a law enforcement officer to acquire Martin's money illegally and then to conceal his illegal conduct. Westmoreland used his position as a law enforcement officer both to seize money from a potential criminal defendant in the course of executing a search warrant and also to make a credible threat of pressing criminal charges if the potential criminal defendant did not respect his admonition to keep silent about the money. In essence, Westmoreland kept the $2,500 as hush money, as if he had appropriated to himself a "bribe" for not pressing criminal charges. Extortion under color of official right is best covered by U.S.S.G. § 2C1.1. *See United States v. Harmon*, 194 F.3d 890, 899-900 (8th Cir. 1999) (holding that U.S.S.G. § 2C1.1 was properly applied to defendants who "extorted money from individuals by soliciting monetary payments in exchange for not prosecuting them for crimes for which they otherwise would have been prosecuted").

Accordingly, we affirm the district court's imposition of an enhancement for obstruction of justice, and we vacate the sentence

imposed by the district court for the extortion count and remand for resentencing based on application of U.S.S.G. § 2C1.1.

*AFFIRMED IN PART, REVERSED*
*IN PART, AND REMANDED*